In re Robert Marlin PERDUE, Brenda Sue Perdue, Debtors.

Bankruptcy No. 1-80-00126.

United States Bankruptcy Court, W. D. Kentucky.

Aug. 10, 1981.

Henry H. Dickinson, Glasgow, Ky., trustee.

J. Richard Downey, Bowling Green, Ky., for debtors.

H. Jefferson Herbert, Jr., Glasgow, Ky., for creditor.

MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on petition of the trustee, Henry H. Dickinson, for a determination of the alleged secured claim of Petra's American Truck Stop (Petra) in the amount of Three Thousand One Hundred Thirty-Five and 35/100 Dollars ($3,135.35). Petra's claim arises under KRS 376.270 which provides in its pertinent part that:

"Any person engaged in the business of selling, repairing or furnishing accessories or supplies for motor vehicles shall have a lien on the motor vehicle for reasonable or agreed charges for repairs, work done or accessories or supplies furnished for the vehicle...."

Petra provided to the debtor the following:

| Supply or Service | Charge |
| --- | --- |
| Fuel | $3,052.06 |
| Labor | 7.00 |
| Oil | 26.73 |
| Parts | 18.00 |
| Washing | 22.00 |
| Accessories | 9.56 |
| Total Claims | $3,135.35 |

It is conceded by the parties that Petra has a validly perfected lien against the debtor's vehicle for labor, parts and accessories in the amount of $34.56, and that the claim for $22.00 (washing) is not protected by KRS 376.270. There is no controversy as to the relevant facts, the parties having entered into agreed stipulations.

Resolution of the controversy turns on whether fuel and/or oil are supplies that are furnished for a motor vehicle within the meaning of KRS 376.270. Research of this issue did not uncover any appellate decisions interpreting this particular part of the statute. In construing the language of KRS 376.270, this Court is constrained and guided by the holding in *Doll v. Young*, 149 Ky. 347, 149 S.W. 854 (1912), which stated:

"The security afforded to mechanics and material men by the statutes of the several states of the union has no recognition in the common law, but rests and must find support in the statute creating the lien or security. The language of each particular statute therefore must govern its interpretation without much aid from the judicial declarations from other jurisdictions."

The predecessor to KRS 376.270 is found in chapter 75 of the Act of 1918 (Section 2739h–1) and contains almost identical language. That statute was found not to encompass within its meaning oil and gasoline used in the operation of a motor vehicle. In *Brown & Co. v. Wilson*, 21 Ky.L.J. 62 (1932–

**2**

33), Circuit Judge R. C. Stoll defined accessory to mean "... something that is added to the automobile ... which increases the utility of the vehicle as originally manufactured and which renders its operation more convenient." It was further determined that supplies were those items used for the purpose of repairing a motor vehicle. Judge Stoll reasoned:

"... it is evident that the statute contemplates such accessories and supplies as are ordinarily put on or furnished under circumstances which require the automobile to be placed in the custody of the person performing the work, and it is a fact, known generally, that oil and gas are such commodities as may be furnished to an automobile owner without the machine ever being in the garage or place which sells the commodities."

Although the decision was not officially reported, this Court nevertheless finds the reasoning and legal conclusions espoused in the *Brown* case to be persuasive. It is the conclusion of this Court that oil and fuel supplied by a garage man for a motor vehicle does not entitle the garage man to a lien against the motor vehicle under KRS 376.-270.

IT IS ORDERED AND ADJUDGED that the claim of Petra's American Truck Stop, Inc., be and is allowed in the amount of $34.56.

IT IS FURTHER ORDERED AND ADJUDGED that Petra's claim for supplying fuel and oil in the amount of $3,078.79 be and is disallowed.